UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN J. FIELDS,

                        Plaintiff,

        -against-                        **COMPLAINT**

ONSITEFX, INC., and ANTHONY A.          **PLAINTIFF DEMANDS**
HENRY,                                  **TRIAL BY JURY**

                      Defendants.
----------------------------------------------------------------X
       Plaintiff, JOHN J. FIELDS ("Plaintiff"), as for his Complaint against ONSITEFX, INC.,

("Onsitefx"), and ANTHONY A. HENRY ("Anthony Henry") (collectively "Defendants"),

respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSAA") 29 U.S.C. §§
   201 et seq., Articles 6 and 19 of the New York Labor Law ("NYLL") and Title 12, Part
   146 of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages
   and other relief related to his employment for Defendants.

2. Jurisdiction over Plaintiff's FLSA claim is based upon §216(b) of the FLSA, 29 U.S.C.
   §216(b) and further upon 28 U.S.C. §1331.

3. The Court possesses supplemental jurisdiction over Plaintiff's New York State legal
   claims pursuant to 28 U.S.C. §1367(a) due to those claims arising from the same case or
   controversy as the federal claim brought under the FLSA.

4. Venue in the Eastern District of New York is proper pursuant to 218 U.S.C. §1391(b)(2)
   as a substantial part of the events giving rise to these claims occurred in the Eastern
   District of New York.

**PARTIES**

5.  Plaintiff is an adult male who resides in the State of New York.

6.  Upon information and belief, ONSITEFX, INC., is a domestic corporation duly organized and existing by virtue under the laws of the State of New York.

7.  Upon information and belief, Anthony A. Henry is an adult male who resides in the State of New York.

**FACTS**

8.  Onsitefx owns and operates a landscaping and architectural metals company at 1014 Grand Avenue, #1, Deer Park, New York 11729.

9.  Plaintiff is a former employee of Onsitefx.

10. Upon information and belief, Onsitefx maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices applied to him during his employment at Onsitefx.

11. Upon information and belief, at all relevant times, Anthony Henry was an owner, officer, director, shareholder, and/or managing agent of Onsitefx.

12. Upon information and belief, Anthony Henry participated in running the daily operations of Onsitefx.

13. At all relevant times, Anthony Henry participated in the management and supervision of Plaintiff at his work for Onsitefx.

14. Upon information and belief, at all relevant times, Anthony Henry exercised operational control over Onsitefx, controlled significant business functions of Onsitefx, determined employee salaries, made hiring decision, and acted on behalf of and in the interest of

Onsitefx in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees including Plaintiff.

15. As such, Onsitefx and Anthony Henry are covered employers within the meaning of the FLSA and NYLL, and at all relevant times, employed Plaintiff.

16. Defendants employed Plaintiff from on or about April 19, 2022 to April 2, 2023.

17. Defendants employed Plaintiff as a delivery driver and courier for their benefit and at their direction.

18. Plaintiff's primary job duties included operating a company vehicle, picking up and delivering supplies and equipment from the company's operational center, and throughout the region at suppliers and job locations.

19. During Plaintiff's employment with Defendants, he was required to punch in and out via a web-based time keeping application.

20. During Plaintiff's employment with Defendants, the hours he worked, and which were recorded on the web-based time keeping application were altered by Defendants following the conclusion of a work week, prior to the delivery of payroll in order to reduce and conceal the actual number of hours Plaintiff worked.

21. During Plaintiff's employment with Defendants, he worked fifty (50) hours per week over five (5) and sometimes six (6) days per week.

22. Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week at a rate of one-and-one-half times his regular rate of pay.

23. Defendants failed to provide Plaintiff with a compliant wage notice at the time of his hiring, or any time, thereafter, as required by NYLL §195(1).

24. Defendants failed to provide Plaintiff with complete and accurate paystubs with his weekly earnings as required by NYLL §195(3).

25. Anthony Henry participated in the decision to hire Plaintiff.

26. Anthony Henry participated in the decision to fire Plaintiff.

27. Anthony Henry participated in deciding the job duties that Plaintiff performed.

28. Anthony Henry participated in the supervision of Plaintiff's job duties and responsibilities.

29. Anthony Henry participated in setting Plaintiff's work schedule.

30. Anthony Henry participated in the manner in which Plaintiff was paid.

31. Anthony Henry participated in the manner in which Plaintiff's time records were kept, and time records that were altered or modified.

32. Anthony Henry participated in running the day-to-day operations of Onsitefx during Plaintiff's employment.

33. Anthony Henry managed Plaintiff's employment, including the amount of time he worked each week.

34. Defendants managed Plaintiff's employment, including the amount of time he worked each week.

35. Defendants dictated, controlled, and ratified the wage and hour and all related employment compensation policies.

36. Defendants were aware of the Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

37. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAILURE TO COMPENSATE FOR OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201 ET. SEQ.)

38. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1" through "37" as if more fully set forth herein.

39. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

40. Defendants were and are subject to the overtime pay requirements of the FLSA because Onsitefx engaged in commerce or in the production of goods for commerce during Plaintiff's employment.

41. At all times relevant to this Complaint, Onsitefx had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a laborer and repairman, and handled goods, automobile supplies, and currency that originated outside of the State of New York.

42. Upon information and belief, the gross annual volume of sales made, or business done by Onsitefx, either individually or jointly, for each applicable year of Plaintiff's employment was not less than $500,000.00.

43. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, et seq.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

45. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

46. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

47. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

48. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

49. Defendants did not act in good faith with respect to the conduct alleged herein.

50. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO COMPENSATE FOR OVERTIME IN VIOLATION OF NEW YORK LABOR LAW ARTICLE 6 AND 19**

51. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1" through "37" as if more fully set forth herein.

52. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

54. At all times relevant to this Action, Onsitefx is an "employer" as defined by the regulations pertaining to the NYLL.

55. . At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

56. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

57. At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

58. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

59. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

60. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

61. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

62. Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because she did not meet the requirements for any of the exemptions available under New York law.

63. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

64. Defendants did not act in good faith with respect to the conduct alleged herein.

65. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF NEW YORK LABOR LAW ARTICLE 19**

66. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1" through "37" as if more fully set forth herein.

67. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652, and the regulations pertaining thereto.

68. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

69. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

70. Defendants have not acted in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

72. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO PROVIDE WAGE
NOTICES IN VIOLATION OF NEW YORK LABOR LAW SECTION 195(1)**

73. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1"
through "37" as if more fully set forth herein.

74. Defendants willfully failed to furnish Plaintiff with compliant wage notices during his
employment, including the date of his hiring, as required by NYLL § 195(1), in English or
in the language identified by the employee as his/her primary language, which were to
contain, among other things, the employee's rate or rates of pay and basis thereof; the
regular pay day designated by the employer in accordance with NYLL § 191; the name of
the employer; any "doing business as" names used by the employer; the physical address
of the employer's main office or principal place of business, and a mailing address if
different; the telephone number of the employer; and the employee's regular hourly rates
of pay and overtime rates of pay.

75. Through their knowing and intentional failure to provide Plaintiff with the wage notices
required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the
supporting Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory
penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**AS AND FOR A FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE WAGE
STATEMENTS IN VIOLATION OF NEW YORK LABOR LAW SECTION 195(3)**

77. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1"
through "37" as if more fully set forth herein.

78. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

79. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, THE GLASS LAW GROUP, PLLC, demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, and costs of this action as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation.

2. Willfully violated provisions of the NYLL by failing to pay Plaintiff overtime compensation and minimum wages.

    3.  Willfully violated provisions of the NYLL by failing to provide Plaintiff wage notices and wage statements.

B.  Award compensatory damages, including all wages owed, in an amount equal to proof.

C.  Award liquidated damages under the NYLL, or alternatively the FLSA.

D.  Award statutory damages under the NYLL.

E.  Award interest on all NYLL wages due accruing from the date such amounts were due.

F.  Award all costs and attorneys' fees incurred in prosecuting this action.

G.  Such other and further relief as the Court deems as just and proper.


Dated: Plainview, New York
       August 24, 2024

                        THE GLASS LAW GROUP, PLLC


                        /s/     Maxwell Glass

                        Maxwell Glass, Esq.
                        Attorneys for Plaintiff
                        59 Sheer Plaza
                        Plainview, New York 11803
                        Tel: (516) 727-3124
                        Fax: (516) 407-5855
                        Email: max@theglasslawgroup.com